UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER SIERRA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>IRS,<br><br>　　　　　Defendant. | No. 2:22-cv-01309 KJM AC PS<br><br><br>ORDER |

　　　　Plaintiff is proceeding in this action pro se. This matter was referred to the undersigned by E.D. Cal. R. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

## I. SCREENING

　　　　A determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure

("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

////

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II.  THE COMPLAINT

Plaintiff lists as his sole cause of action: "My E.I.P 3 yearly taxes were refused me." ECF No. 1 at 2. Plaintiff alleges that over the course of a year he filed for his taxes over a dozen times, and as a citizen of the United States, he is entitled to his E.I.P. [Economic Improvement Plan] payments. Id. The IRS wrote plaintiff a letter informing him that they could not verify his identity. Id. Plaintiff writes his full date of birth and social security number on his complaint to prove his identity to the court. Id. Plaintiff writes "All I want is my money. I did everything to accommodate their inquiry." Id. Plaintiff alleges he was denied $5,300 in stimulus money due to the negligence of IRS employees. Id. Plaintiff attaches the letter from the IRS, dated February 18, 2022. ECF No. 1 at 4. The letter provides instructions on how plaintiff can verify his identity to the IRS. Id.

## III.  ANALYSIS

The only contention in plaintiff's complaint is that he did not receive his stimulus payments under the CARES Act. The CARES Act, codified in part at Section 6428 of the Internal Revenue Code, 26 U.S.C. § 6428, established a mechanism for the IRS to issue economic impact payments ("E.I.P.") to eligible individuals. Scholl v. Mnuchin (Scholl I), 489 F.Supp.3d 1008, 1020 (N.D. Cal. 2020), appeal dismissed, No. 20-16915, 2020 WL 9073361 (9th Cir. Nov. 20, 2020). Under § 6248(a), eligible individuals may receive a tax credit in the amount of $1,200 ($2,400 if filing a joint return), plus $500 multiplied by the number of qualifying children. Scholl I, 489 F.Supp.3d at 1020 (citing 26 U.S.C. § 6428(a).). The E.I.P. amount is credited against a person's federal income tax for the year 2020. Id.

Under 28 U.S.C. § 1346(a)(1), federal courts have jurisdiction over civil actions "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to

have been excessive or in any manner wrongfully collected under the internal-revenue laws." A taxpayer's right to bring a refund suit, however, is limited by 26 U.S.C. § 7422(a).  See Dutch v. Internal Revenue Dep't of Treasury, No. SACV 12-02098-CJC, 2013 WL 7162138, at *2 (C.D. Cal. Dec. 20, 2013). Section 7422(a) provides:

> (a) No suit prior to filing claim for refund.—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).

    A refund claim is a prerequisite to jurisdiction. Thomas v. United States, 755 F.2d 728, 729 (9th Cir. 1985); Yuen v. United States, 825 F.2d 244, 245 (9th Cir. 1987).  Further, "[b]efore filing suit in federal court for credit or refund of overpaid taxes, a taxpayer must first comply with the tax refund scheme established in the Code by filing an administrative claim with the IRS. U.S. v. Clintwood Elkhorn Min. Co., 553 U.S. 1, 4 (2008); Omohundro v. U.S., 300 F.3d 1065, 1066 (9th Cir. 2002); see 26 U.S.C. § 7422(a) (2002)." Conde v. Dep't of the Treasury & Internal Revenue Serv., No. 1:21-cv-01072-DAD-SKO, 2021 WL 6000057, at *3 (E.D. Cal. Dec. 20, 2021).

    Here, plaintiff appears to be in the process of validating his identity to the IRS per the instructions in the February 2022 letter, and it does not appear that he has filed an administrative claim with the IRS.  Filing an administrative claim with the IRS is a prerequisite to bringing a claim in federal court.  Based on review of the complaint, including the attached letter, it appears the court does not have jurisdiction to consider plaintiff's claims based upon the filing of his tax returns.  Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order.

    Alternatively, if plaintiff has not filed an administrative claim with the IRS, he may choose to dismiss this action without prejudice (meaning he can bring a claim again after he

////

completes the administrative process with the IRS) pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).

## IV.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction; specifically, plaintiff must allege that an administrative action has been filed and completed with the IRS and that plaintiff has a right to bring this case to federal court.  In addition, an amended complaint must contain a short and plain statement of plaintiff's claims.  The allegations of the complaint must be set forth in  sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid narrative and storytelling.  That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180.  The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

////

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, do not include your social security number or full date of birth in your amended complaint, as this document will be available to the public.

## V.  PRO SE PLAINTIFF'S SUMMARY

It is not clear that this case can proceed in federal court. The court cannot tell from your complaint whether you have taken the actions necessary to bring this case to federal court—specifically, whether you have filed and completed an administrative action with the IRS. Your lawsuit cannot proceed unless you fix the problems with your complaint. Alternatively, if you have not filed an administrative claim with the IRS, you may choose to dismiss this action without prejudice (meaning you can bring a claim again after he completes the administrative process with the IRS) pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).

You are being given 30 days to submit an amended complaint that provides a proper basis for federal jurisdiction and demonstrates that you have completed an administrative action with the IRS. If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

## VI.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. The complaint at ECF No. 1 shall be SEALED; and

////

3. Plaintiff shall have 30 days from the date of this order to file an amended complaint which complies with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: August 24, 2022

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE