# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER SIERRA,<br><br>  Plaintiff,<br><br>  v.<br><br>INTERNAL REVENUE SERVICE,<br><br>  Defendant. | Case No. 1:22-cv-01226-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF FIRST AMENDED COMPLAINT AND TO CLOSE CASE<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>(ECF No. 4)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

## I.

## INTRODUCTION AND BACKGROUND

Peter Sierra ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action against the Internal Revenue Service ("IRS") on July 25, 2022. (ECF No. 1.) The action was initially assigned to Magistrate Judge Allison Claire, in the Sacramento Division of the Eastern District. On August 25, 2022, Judge Claire screened the Plaintiff's complaint, and granted Plaintiff thirty (30) days to file an amended complaint that addressed the specific deficiencies identified in the initial complaint. (ECF No. 3.) On September 8, 2022, Plaintiff filed a first amended complaint. (ECF No. 4.) On September 26, 2022, Judge Claire issued an

order that transferred this action to the Fresno Division of the Eastern District, and the action was assigned to Magistrate Judge Stanley A. Boone. (ECF No. 5.) The Plaintiff's first amended complaint is currently before the Court for screening.

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678–79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

/ / /

# III.

# DISCUSSION

### A. Initial Screening Order

As summarized in the previous screening order, Plaintiff's original complaint alleged a sole cause of action for not receiving the Economic Incentive Payments ("EIP(s)") that he claimed he was entitled to given he filed taxes. (ECF No. 3 at 3.) Plaintiff previously described sending the IRS letters but the IRS office wrote back informing Plaintiff they could not confirm his identity, despite him providing his social security number. (Id.) Plaintiff alleged he was denied $5,300 in stimulus money, and attached a letter from the IRS, dated February 18, 2022, that provided instructions on how Plaintiff could verify his identity. (Id.)

The Court construed the complaint as only contending he did not receive his stimulus payments under the CARES Act. (Id. at 3.) Based on the applicable law, the Court found that Plaintiff was in the process of validating his identity with the IRS per the instructions in the February 2022 letter, and that it appeared Plaintiff had not filed an administrative claim with the IRS, a prerequisite to bringing a claim in federal court. (Id. at 4.) The Court found it thus did not have jurisdiction to consider Plaintiff's claims. (Id.) The Court granted Plaintiff leave to file an amended complaint that cure such identified deficiency, or alternatively, the Court suggested that if Plaintiff had not filed an administrative claim with the IRS, Plaintiff could dismiss the action without prejudice until he exhausted the administrative requirement. (Id. at 4-5.)

Under the section entitled leave to amend, the Court specifically advised Plaintiff that if "Plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction; specifically, plaintiff must allege that an administrative action has been filed and completed with the IRS and that plaintiff has a right to bring this case to federal court." (Id. at 5.) Plaintiff was additionally advised of this specific requirement in the section entitled "PRO SE PLAINTIFF'S SUMMARY," wherein the Court stated: "The court cannot tell from your complaint whether you have taken the actions necessary to bring this case to federal court—specifically, whether you have filed and completed an administrative action with the IRS . . . [y]ou are being given 30 days to submit an amended complaint that provides a proper

3

1 basis for federal jurisdiction and demonstrates that you have completed an administrative action
2 with the IRS." (Id. at 6.)

### B. Plaintiff's Operative First Amended Complaint

Plaintiff's amended complaint explains that Plaintiff completed paperwork to receive his EIPs, and assisted thirty-two other inmates who did receive their payments, but Plaintiff was the only one that did not receive his payments. (ECF No. 4 at 2.) Plaintiff alleges that throughout 2020, he submitted multiple 1040 forms, 3030 forms, and recovery rebate credits. (Id.) Plaintiff also proffers that he communicated with the IRS more than ten times, and received four responses inquiring to verify his identity, to which he accommodated to no avail. (Id. at 2-3.) Plaintiff states he sent them forms of identification. (Id. at 3.) Plaintiff states that in an attempt to establish permission to sue, the IRS requested he call a toll free number, but Plaintiff "established that [he] [did] not have outside contacts who can help expedite these requested phone calls." (Id.) While Plaintiff complains of the issues regarding the IRS requesting verification while other inmates apparently received their payments, Plaintiff makes no specific allegation that the administrative requirement was completed.

### C. Applicable Law

The CARES Act, codified in part at Section 6428 of the Internal Revenue Code, 26 U.S.C. § 6428, establishes a mechanism for the IRS to issue economic impact payments ("EIPs") to eligible individuals in the form of a tax credit. Scholl v. Mnuchin (Scholl I), 489 F. Supp. 3d 1008, 1020 (N.D. Cal. 2020), appeal dismissed, No. 20-16915, 2020 WL 9073361 (9th Cir. Nov. 20, 2020). Under § 6428(a), eligible individuals may receive a tax credit in the amount of $1,200 ($2,400 if filing a joint return), plus $500 multiplied by the number of qualifying children. Scholl I, 489 F. Supp. 3d at 1020 (citing 26 U.S.C. § 6424(a)). This amount is credited against the individual's federal income tax for the year 2020. Id. For purposes of the CARES Act, an eligible individual is defined as "any individual" other than (1) a nonresident alien individual, (2) an individual who is allowed as a dependent deduction on another taxpayer's return, or (3) an estate or trust. Id. at 1021 (citing 26 U.S.C. § 6424(d)).

The CARES Act provides that "each individual who was an eligible individual for such

individual's first taxable year beginning in 2019 shall be treated as having made a payment against the tax imposed by chapter 1 for such taxable year in an amount equal to the advance refund amount for such taxable year." Id. (quoting 26 U.S.C. § 6428(f)(1)). Therefore, the Act provides that "if an eligible individual filed a tax return in 2018 or 2019 or filed one of the enumerated Social Security forms, then the Act directs the IRS to treat those taxpayers as eligible for an advance refund of the tax credit." Id. Congress provided that "[n]o refund or credit shall be made or allowed under this subsection after December 31, 2020." 26 U.S.C. § 6428(f)(3)(A).

Pursuant to 28 U.S.C. § 1346, the United States consents to be sued in the district court for refund of taxes. 28 U.S.C. § 1346(a)(1). But, the United States consents to be sued for a tax refund only where the taxpayer has followed the conditions set forth in 26 U.S.C. § 7422(a), which states: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a).

Before filing suit in federal court for credit or refund of overpaid taxes, a taxpayer must first comply with the tax refund scheme established in the Code by filing an administrative claim with the IRS. United States v. Clintwood Elkhorn Min. Co., 553 U.S. 1, 4 (2008); Omohundro v. United States, 300 F.3d 1065, 1066 (9th Cir. 2002); see 26 U.S.C. § 7422(a) (2002). Furthermore, to overcome sovereign immunity in a tax refund action, the taxpayer must file a refund claim with the IRS within the time limits established by the Internal Revenue Code. N. Life Ins. Co. v. United States, 685 F.2d 277, 279 (9th Cir. 1982) ("The filing of a timely claim is jurisdictional for a refund suit and cannot be waived.").[1] Thus, "[a] taxpayer's failure to file an administrative claim within the time periods imposed by statute divests the district court of jurisdiction over an action for a refund or credit." Omohundro, 300 F.3d at 1066–67; Danoff v. U.S., 324 F. Supp. 2d 1086, 1092 (C.D. Cal. 2004).

---

[1] The IRS regulations require that the administrative claim must be filed: "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid." 26 U.S.C. § 6511(a).

### D. The Court finds Plaintiff's Amended Complaint does not Cure the Deficiencies Specifically Identified in the Previous Screening Order

Upon review of the first amended complaint, the Court finds Plaintiff has not cured the previously identified pleading defects with respect to jurisdiction. As previously noted, in order to bring a suit against the Government to seek a tax refund, Plaintiff was required to file an administrative claim with the IRS. 26 U.S.C. § 7422(a). Even liberally construing Plaintiff's alleged correspondences to the IRS as an administrative claim, the Court cannot find Plaintiff received a decision on his claim, given the communications admittedly revolved around confirming identification. See 26 U.S.C. § 6532(a)(1).[2] Therefore, the Court finds that it lacks jurisdiction over the matter.

Because Plaintiff was granted an opportunity to amend but appears unable to cure the previously identified pleading defects, the Court recommends Plaintiff's amended complaint be dismissed without leave to amend and that this action be dismissed. See Gardner v. Martino, 563 F.3d 981, 990 (9th Cir. 2009) ("When a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment."); see also Ecological Rights Found. v. Pac. Gas & Elec. Co., 713 F.3d 502, 520 (9th Cir. 2013) (holding the court's discretion to deny leave to amend is "particularly broad" where the plaintiff has previously amended his complaint).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] Section 6532 provides: "No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates."

**IV.**

**RECOMMENDATION AND ORDER**

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's first amended complaint, (ECF No. 4), be DISMISSED, without leave to amend, for lack of jurisdiction; and

2. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of these recommendations, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS FURTHER ORDERED that the Clerk of the Court be DIRECTED to randomly assign a District Judge to this action.

IT IS SO ORDERED.

Dated:   **December 22, 2022**

_____
UNITED STATES MAGISTRATE JUDGE